UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENJUAN DE ADAMS,<br><br>    Petitioner,<br><br>  v.<br><br>A. HEDGPETH (Warden) et al.,<br><br>    Respondents. | No. CV 14-01464 VBF (FFM)<br><br>OPINION and ORDER<br><br>Referring the Petition to the U.S. Court of Appeals per Ninth Circuit Rule 22-3(a);<br><br>Dismissing Habeas Petition without Prejudice for Lack of Subject-Matter Jurisdiction;<br><br>Denying a Certificate of Appealability |

    This is a *pro se* state prisoner's action for habeas corpus relief pursuant to 28 U.S.C. section 2254.[1]  For the reasons that follow, the Court will dismiss the petition without prejudice for lack fo subject-matter jurisdiction and deny a certificate of appealability ("COA").  In compliance with Ninth Circuit Rule, the Court will also refer the petition to the Circuit for consideration as an application for leave to file a second federal habeas petition challenging the same conviction.

    On February 26, 2006, a jury convicted petitioner of one count of first-degree murder, two counts of attempted premeditated and deliberate murder, and possession of a firearm by a felon.

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988).  In this case, however, petitioner has not attached a proof of service to the Petition, and the petition contains a signature date of May 9, *2011*.  Given that more than two and a half years passed between the signature date and the filing date, the Court does *not* assume that petitioner provided it to prison authorities for mailing on or about the date of signature.

In addition the jury found firearm allegations to be true. Petitioner was sentenced to two terms of life in state prison with the possibility of parole on counts 2 and 3, 25 years to life on count 1, and multiple terms of 25 years to life on the firearm enhancements.

The instant petition, filed on February 26, 2014, challenges the aforementioned February 26, 2006 L.A. County Superior Court Case No. MA029006 conviction and sentence.

**The Court takes judicial notice of its files with respect to a prior habeas petition ("the prior petition") which petitioner filed in this Court on May 11, 2011 (Case No. CV 11-04330-VBF-FFM).** The prior petition was directed to the same conviction and sentence sustained in L.A. County Superior Court Case No. MA029006. Respondent filed a motion to dismiss, petitioner filed an opposition brief, and respondent did not file a reply. On February 28, 2012 the Magistrate issued a Report & Recommendation ("R&R") recommending that the petition be dismissed *with* prejudice as time-barred, and petitioner filed an objection. On March 27, 2012 this Court issued an Order overruling petitioner's objection, adopting the R&R, and dismissing the petition with prejudice as time-barred; a final judgment in favor of respondent; and an Order denying a certificate of appealability ("COA").² On February 24, 2014, petitioner filed a Fed. R. Civ. P. 60(b) motion for relief from that March 2012 judgment. Just days ago, this Court denied petitioner's motion for relief from judgment as untimely under Fed. R. Civ. P. 60© and declined to issue a COA. *See Adams v. Hedgpeth*, No. CV 11-04330-VBF-FFM Doc. 41 (C.D. Cal. Apr. 4, 2014) (Fairbank, J.).

The pending petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA") which became effective April 24, 1996. As amended by AEDPA, 28 U.S.C. § 2244(b) now reads in pertinent part as follows:

(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

² Petitioner tried to appeal from the Judgment in our case No. CV 11-04330-VBF-FFM, but on March 15, 2013 the Ninth Circuit issued an order likewise denying a COA in 9th Cir. Case No. 12-55764.

    (2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

        (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)    (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"Although AEDPA does not define the terms 'second or successive,' the Supreme Court and the Ninth Circuit . . . have 'interpreted the concept incorporated in this term of art as derivative of the abuse of the writ doctrine developed in pre-AEDPA cases.'" *Jointer v. Gonzales*, 2014 WL 935293, *2 (C.D. Cal. Mar. 10, 2014) (quoting *Allen v. Ornoski*, 435 F.3d 946, 956 (9th Cir. 2006)). Accordingly, a habeas petition is second or successive if it raises claims that were raised, or that could have been adjudicated on the merits in a previously filed petition. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Petitioner's prior petition was denied on the ground that it was barred by the one-year period of limitation, and such a dismissal is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive. *See Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for

failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed. R. Civ. P. 41(b) and *US v. Oppenheimer*, 242 U.S. 85, 87–88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009); *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("A judgment based on the statute of limitations is 'on the merits.'") (citation omitted); *see, e.g., Nelson v. Brown*, 2014 WL 1096189, *6 (S.D. Cal. Mar. 19, 2014) ("[A] prior habeas petition dismissed . . . for failure to comply with the statute of limitations constitutes a disposition on the merits.") (citations omitted).[3]

Therefore, because the pending petition challenges the same conviction as petitioner's prior petition in CV 11-4330, it constitutes a second-or-successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent that petitioner asserts the same claims he previously asserted, those claims are barred by § 2244(b)(1). *See, e.g., Timmons v. Spearman E.*, 2014 WL 1340224, *2 (C.D. Cal. Apr. 3, 2014) ("[T]o the extent that Petitioner is now purporting to raise claims previously raised in [prior federal habeas petition], § 2241(b)(1) compels dismissal of those claims."); *Myers v. Curry*, 2008 WL 4195934, *2 (C.D. Cal. Sept. 2, 2008) (same).

To the extent that he asserts claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing this Court to consider the petition, before filing the petition here. Petitioner's failure to secure such an order deprives the Court of subject-matter jurisdiction and requires dismissal of this action. *See Burton v. Stewart*, 549 U.S. 147, 57 (2007). Because the Court lacks subject-matter jurisdiction, the dismissal must be without prejudice. *See Bender v. McGrew*, 2014 WL 1152952, *4 (C.D. Cal. Mar. 21, 2014) (Selna, J.) ("'A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.'") (quoting *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006)).

NINTH CIRCUIT RULE 22-3(a)

**Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive**

---

[3] *Accord Quezada v. Smith*, 624 F.3d 514, 518 (2d Cir. 2010) ("Generally, a petition dismissed as time-barred is considered a decision on the merits.") (citations omitted).

4

**petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court *shall* refer it to the court of appeals."** Emphasis added. The Supreme Court adheres to the venerable principle of construction that the word "shall" indicates that the action is mandatory, not optional or discretionary. *See Sebelius v. Auburn Regional Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013) (referring to "the mandatory word 'shall'"); *Gonzales v. Thaler*, – U.S. –, 132 S. Ct. 641 (2012) (the word "shall" in 28 U.S.C. § 2253(c)(3) underscores the mandatory nature of that provision); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S. 644, 661, 127 S. Ct. 2518 (2007) ("Section 402(a) of the CWA provides, without qualification, that the EPA 'shall approve' a transfer application unless it determines that . . . . By its terms, the statutory language is mandatory . . . ."); *Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714 (2001).

**The Ninth Circuit likewise holds that "use of the words 'any' and 'shall' indicate that [a provision] is not permissive**," *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1181 (9th Cir. 2013) (citing, *inter alia*, *Alabama v. Bozeman*, 533 U.S. 146, 153, 121 S. Ct. 2079 (2001) ("The word 'shall' ordinarily is the language of command.") (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493, 55 S. Ct. 818 (1935))); *US v. Carter*, 742 F.3d 440, 446 (9th Cir. 2014) ("[B]y using the words 'shall order' in a forfeiture statute, 'Congress could not have chosen stronger words to express its intent that forfeiture be mandatory'") (quoting *US v. Monsanto*, 491 U.S. 600, 607, 109 S. Ct. 2657 (1989)); *US v. Chavez*, 627 F.2d 953, 954-55 (9th Cir. 1980). *See, e.g., Krangel v. Crown*, 791 F. Supp. 1436, 1440 (S.D. Cal.) (referring to "shall" as "a clearly mandatory term"), *app. denied*, 968 F.2d 914 (9th Cir. 1992); *William v. Bd. of Prison Terms*, 2006 WL 463128, *3 (E.D. Cal. Feb. 24, 2006) ("What the Court found significant in the . . . statutes, was mandatory language: the use of the word 'shall' . . . .") (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11-12, 99 S. Ct. 2100 (1979) and *Bd. of Pardons v. Allen*, 482 U.S. 369, 377-78, 108 S. Ct. 2415 (1987)), *R&R adopted*, 2006 WL 845594 (E.D. Cal. Mar. 30, 2006).[4]

---

[4] *Accord* Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012) ("The traditional, commonly repeatedly rule [of construction] is that 'shall' is mandatory .

Therefore, when confronted with a successive habeas petition attacking the same conviction or sentence as a prior federal petition where the petitioner has not obtained leave to file from the Circuit, a district court here has no choice but to transfer the petition to the U.S. Court of Appeals. Failure to do so would violate the plain and mandatory language of Ninth Circuit Rule 22-3(a).

The question then arises whether the Court can both "refer" this petition to the Ninth Circuit and then dismiss the action here without prejudice for lack of subject-matter jurisdiction. Like many other district judges in our circuit, the Court concludes that this is the appropriate course of action. The lack of subject-matter jurisdiction requires the Court to dismiss this action, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit, so the Court will do both. *See, e.g., Edwards v. Koehn*, No. ED CV 13-00390-VBF Doc. ___ (C.D. Cal. Apr. 9, 2014); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the Current Federal Petition to the . . . Ninth Circuit . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.) (same); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Klausner, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Wright, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Wilson, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (Pregerson, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Gee, J.).[5]

---

. . ."); *Ass'n of Civilian Technicians v. FLRA*, 22 F.3d 1150, 1153 (D.C. Cir. 1994) ("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive.").

[5] **Numerous judges in Washington's federal district courts have recognized and followed this Ninth Circuit requirement as well.** *See, e.g., Richey v. Obenland*, 2013 WL 4054589, *3 (W.D. Wash. Aug. 12, 2013) (Settle, J.) (adopting recommendation that "[p]ursuant to Ninth Circuit Rule 22-3(a), the petitions should be transferred to the Ninth Circuit . . . .");

*Hawkins v. Miller-Stout*, 2013 WL 6114976, *5 (W.D. Wash. Nov. 15, 2012) (Strombom, M.J.) ("Hawkins filed a fourth federal habeas corpus petition challenging his custody. Finding the

CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or from a district judge's final order in a § 2254 proceeding,[6][7] and "'[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant'", *Cleveland v. Babeu*, 2013 WL 2417966, *3 (C.D. Cal. May 29, 2013) (Fairbank, J.) (quoting Rule 11(a) of Rules Governing § 2254 Cases). The court must consider each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citation omitted)), which means the court may grant a COA on one claim and not on others. *See, e.g., Brown v. Clark*, 2011 WL 2259130, *1 (C.D. Cal. June 6, 2011) (granting COA on Confrontation Clause claim but not other claims), *aff'd*, 477 F. App'x 430 (9th Cir. 2012).

In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d

---

successive petition was subject to 28 U.S.C. § 2244(b) [requiring leave from the Circuit before filing a second or successive petition], the Court transferred the petition to the Ninth Circuit pursuant to Circuit Rule 22-3."), *R&R adopted*, 2012 WL 6114946 (W.D. Wash. Dec. 20, 2012) (Bryan, J.);

*Todd v. US*, 2012 WL 5350012 (W.D. Wash. Oct. 4, 2012) (Theiler, M.J.), *R&R adopted*, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012) (Robart, J.);

*Hertzog v. Wash.*, 2011 WL 7395090 (W.D. Wash. Nov. 30, 2011), *R&R adopted*, 2012 WL 527525 (W.D. Wash. Feb. 15, 2012) (Leighton, J.), *app. dis.*, No. 12-35042 (9th Cir. Mar. 9, 2012);

*Sayasack v. Figueroa*, 2008 WL 943160 (W.D. Wash. Apr. 7, 2008) (Burgess, J.); *Stone v. US*, 2008 WL 336791 (W.D. Wash. Feb. 4, 2008); *Chavez v. US*, 2007 WL 1741747 (W.D. Wash. May 14, 2007), *R&R adopted*, 2007 WL 1768689 (W.D. Wash. June 13, 2007) (Pechman, J.).

*See also Thornton v. Pachulke*, 2007 WL 3407047 (**E.D. Wash.** Nov. 13, 2007) (Whaley, C.J.); *Roberts v. Miller-Scott*, 2006 WL 3593225 (E.D. Wash. Dec. 8, 2006) (Suko, J.).

[6] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

[7] There is an exception not applicable here: "a COA is not required to appeal an order denying . . . appointed counsel." *Harbison v. Bell*, 556 U.S. 180, 194, 129 S. Ct. 1481, 1491 (2009).

178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc), but no such doubt exists here. Reasonable jurists would not find it debateable that the petition must be dismissed without prejudice for lack of subject-matter jurisdiction because petitioner has not alleged that he obtained leave from the Ninth Circuit to file a second-or-successive habeas petition. Nor would reasonable jurists find it debateable that Ninth Circuit Rule 22-3(a) requires this Court to refer the petition to the U.S. Court of Appeals, leaving the Court no discretion or authority to do otherwise. In the posture of this case, the petition is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

**ORDER**

Pursuant to Ninth Circuit Rule 22-3(a), the Court **REFERS** the habeas petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition. The Clerk of Court **SHALL SEND** a copy of the habeas petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** "petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255."[8]

This action is then **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

A Certificate of Appealability is **DENIED**. This is a final order, but it will not be appealable

---

[8] *See Walker v. Ryan*, 2014 WL 413055, *2 (D. Ariz. Feb. 4, 2014); *accord Gwyn v. US*, 2014 WL 1330029, *1 (M.D. Fla. Apr. 1, 2014) ("The Clerk of Court is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).").

8

1 unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[9]

2 As required by FED. R. CIV. P. 58(a)(1), final judgment will be issued separately.[10]

5 DATED: April 9, 2014

*[signature: Valerie Baker Fairbank]*

_____
VALERIE BAKER FAIRBANK
Senior United States District Judge

---

[9] See Muth v. Fondren, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), cert. denied, – U.S. –, 133 S. Ct. 292 (2012); see also FED. R. APP. P. 22(b)(1).

[10] See Jayne v. Sherman, 706 F.3d 994, 1009 (9th Cir. 2013). Accord Brown v. Fifth Third Bank, 730 F.3d 698, 699 (7th Cir. 2013); Brown v. Recktenwald, – F. App'x –, 2013 WL 6439653, *2 n.2 (3d Cir. Dec. 10, 2013) (per curiam) ("The District Court did not comply with the separate order rule set forth in Federal Rule of Civil Procedure 58(a)."). "To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." Daley v. USAO, 538 F. App'x 142, 143 (3d Cir. 2013) (citation omitted). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." In re Taumoepeau, 523 F.3d 1213, 1217 (10th Cir. 2008); see, e.g., Daley, 538 F. App'x at 143.